# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00268-RJC-DSC

| | |
|---|---|
| LARRY PHILPOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LENDING TREE LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss the Complaint" (document #4) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, Plaintiff is a "freelance photographer who specializes in taking photographs of musicians at concerts and other performances." Doc. 1 at ¶ 12. On October 4, 2009, Plaintiff took the photograph at issue of Willie

Nelson in concert. On September 5, 2012, Plaintiff registered the photograph with the United States Copyright Office under Certificate Number VAu 1-132-411.

Plaintiff uploaded the photograph on May 31, 2011 to Wikimedia under a Creative Commons Attribution 2.0 Generic License ("CC BY 2.0") that allows anyone to use it if they provide: a copy of the Uniform Resource Identifier for the CC BY 2.0; attribution to the author of the work; and the Uniform Resource Identifier that the licensor specifies to be included with the work.

On June 24, 2015, Defendant used a cropped portion of the photograph to illustrate a blog post on its website entitled "10 Celebrities That Can't Afford a Mortgage." Plaintiff alleges that Defendant did not provide attribution to him when it published the photograph.

Plaintiff claims that he discovered the alleged infringement on May 9, 2017. On May 8, 2020, he filed his Complaint and claims relief for copyright infringement under 17 U.S.C. § 501 et seq.

On July 10, 2020, Defendant moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) arguing the affirmative defense of fair use.

## II. DISCUSSION

### A. Motion to Dismiss Fed. R. Civ. P. 12(b)(6)

#### 1. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-


'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### 2. Copyright Infringement Claim

To assert a claim for copyright infringement, Plaintiff must allege two essential elements: (1) ownership of a valid copyright and (2) copying of original elements of the copyrighted work. Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991). Here, Plaintiff has alleged that he owns a valid copyright, see Doc. 1 at ¶ 24, and that Defendant unlawfully copied his material. See Doc. 1 at ¶¶ 35-40. Taking Plaintiff's allegations as true, the undersigned finds that Plaintiff has alleged the necessary elements of copyright infringement.

Defendant contends that the fair use doctrine bars Plaintiff's copyright infringement claim as a matter of law. As an affirmative defense, the burden of demonstrating fair use of copyrighted materials rests on the Defendant. Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 590 (1994). "Generally, the Court cannot reach the merits of an affirmative defense in ruling on a motion to dismiss under Rule 12(b)(6)." Oppenheimer v. Kenney, No. 1:18-CV-00252-MR, 2019 WL 3047624, at *2 (W.D.N.C. July 11, 2019) (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464

(4th Cir. 2007)). "The fair use defense is fact-intensive in nature." Oppenheimer, 2019 WL 3047624, at *3. Only in extraordinary circumstances, where "all facts necessary to the affirmative defense '*clearly appear[] on the face of the complaint*,' may the Court address an affirmative defense at the motion to dismiss stage." Id. at *2 (emphasis added) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4. F.3d 244, 250 (4th Cir. 1993)). When determining whether a use constitutes a "fair use," courts consider several factors, including (1) the purpose and character of the use, including whether the use is commercial or for non-profit educational purposes, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion of the work used in relation to the work as a whole, and (4) the effect of the user on the potential market for or value of the work. 17 U.S.C. § 107; Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 576-77 (1994). The Court weighs these factors together, "in light of the copyright law's purpose." Philpot v. Alternet Media, Inc., No. 18-CV-04479-TSH, 2018 WL 6267876, at *3 (N.D. Cal. Nov. 30, 2018); see Campbell, 510 U.S. at 578.

Here, Defendant primarily asserts that the use of Plaintiff's copyrighted photograph was "transformative" and had no economic impact on the marketplace for the photograph. The main inquiry in determining whether use of a copyrighted work is "transformative" is whether it "adds something new, with a further purpose or a different character." A.V. ex rel. Vanderhye v. iParadigms, LLC, 562 F.3d 630, 638 (4th Cir. 2009) (quoting Campbell, 510 U.S. at 578-79).

In Philpot v. Alternet Media, Inc., a case with remarkably similar facts to this one, the Northern District of California concluded that on a "motion to dismiss, there are not enough facts alleged in the complaint to allow the Court to determine whether or not [Defendant's] use of the Willie Nelson Photo was transformative." 2018 WL 6267876, at *4 (denying Defendant's 12(b)(6) motion to dismiss as to Philpot's copyright infringement claim); see also Philpot v. Media

Research Center, No. 1:17-CV-00822-TSE, Document # 22 (E.D. Va. Oct. 6, 2017) (denying Defendant's 12(b)(6) motion to dismiss without prejudice to defendant's filing a motion for summary judgment following completion of discovery). Discerning the purpose of Defendant's use of the photograph is a factual question more appropriate for the summary judgment stage. See Alternet, 2018 WL 6267876, at *4.

Defendant further argues that the use of Plaintiff's copyrighted photograph had no economic impact on the marketplace for the photograph. The Complaint alleges that the Defendant "published, copied, and displayed" the photograph at issue, causing "irreparable harm and damage" to Plaintiff's photography business. Doc. 1 at ¶¶ 38, 45. Since the Complaint does not allege that Defendant's use would have no effect on the potential market for the photograph, adjudicating this factor is inappropriate at this stage. Similar to Philpot v. Alternet, "[Defendant's] argument is based on evidence outside the scope of a motion to dismiss" and likely requires discovery about the relevant market to resolve this issue. 2018 WL 6267876, at *5.

All facts necessary to the resolution of the Defendant's affirmative defense do not "clearly appear" on the face of the Amended Complaint. See Oppenheimer, 2019 WL 3047624, at *3 (denying dismissal of Plaintiff's Amended Complaint based on Defendant's assertion of fair use because "determination of whether the Defendant's use of the Plaintiff's photographs could be considered 'fair use' under a Rule 12(b)(6) motion is premature.").

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's copyright infringement claim be denied without prejudice.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #4) be **DENIED** without prejudice.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: August 31, 2020

David S. Cayer
United States Magistrate Judge