UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-268-RJC-DSC

| LARRY PHILPOT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| LENDING TREE, LLC | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court Defendants' Motion to Dismiss, (Doc. No. 4); Plaintiff's Response in Opposition, (Doc. No. 5); Defendants' Reply, (Doc. No. 8); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 10), recommending that this Court deny Defendants' motion; Defendant's Objection to the M&R, (Doc. No. 11); Plaintiff's Reply to Defendant's Objection, (Doc. No. 12); Defendant's Reply (Doc. No. 13); Plaintiff's Notice of Supplemental Authority (Doc. No. 14); and Defendant's Response to Plaintiff's Notice of Supplemental Authority (Doc. No. 17).

I.   BACKGROUND

Although Defendant filed an objection to the recommendations of the M&R, arguing that the Magistrate Judge failed to consider the ramifications of particular facts upon the legal analysis, no party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. (Doc. No. 11). Therefore, the Court adopts the facts as set forth in the M&R.

1

## II. STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

## III. DISCUSSION

The Magistrate Judge recommended that this Court deny Defendants' Motion to Dismiss the Plaintiff's Complaint. (Doc. No. 10). Defendant argues that its use of the Willie Nelson ("Nelson") photograph falls under fair use and that a fair use defense is established, based on the face of the Complaint. (Doc. No. 4 at 2). When evaluating a fair use defense, courts consider a variety of factors, including:

> "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> "(2) the nature of the copyrighted work;
> "(3) the amount and substantiality of the portion used in relation to the

> copyrighted work as a whole; and
> "(4) the effect of the use upon the potential market for or value of the copyrighted work."

17 U.S.C. § 107; Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577 (1994). These factors should be weighed together, "in light of the copyright law's purpose." Campbell, 510 U.S. at 578. The defense is "fact-intensive in nature" and a motion to dismiss is only granted "in those extraordinary circumstances where all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Oppenheimer v. Kenney, No. 1:18-CV-00252-MR, 2019 WL 3047624, at *2-3 (W.D.N.C. July 11, 2019) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

The M&R addressed both the first and fourth fair use factors, and found that there was not enough evidence on the face of the Complaint to resolve either one. (Doc. No. 10 at 5-6). Defendant filed an objection to the M&R. (Doc. No. 10). In that objection, Defendant argues that the M&R erred in its analysis of factor one, failed to address factors two and three, and failed to weigh the factors together. The Court will evaluate each such claim.

1. **Purpose and Character**

The first factor in a fair use defense is "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107. When assessing the purpose and character of the use, a court should ask whether the work is "transformative" because it communicates "something new and different." Brammer v. Violent Hues Prods., LLC, 922 F.3d 255, 262 (4th Cir. 2019). Determining whether a secondary use is transformative is

3

a "largely objective" inquiry that generally only requires the original work and the secondary use to decide, regardless of the parties' intent.  Id. at 263.  Additionally, the court should weigh whether "the 'use is of a commercial nature or is for nonprofit educational purposes.'"  Id. at 262 (quoting 17 U.S.C. § 107(1)).  While commerciality is not determinative, it is useful to weigh it against the other factors. See A.V. ex rel Vanderhye v. iParadigms, LLC, 562 F.3d 630, 639 (4th Cir. 2009). The Fourth Circuit has "placed primary focus on the first factor." Bouchat v. Baltimore Ravens Ltd. P'ship, 737 F.3d 932, 937 (4th Cir. 2013), as amended (Jan. 14, 2014).

Defendant argues that the photograph is transformative because the only purpose of the photograph is "to identify Willie Nelson as one of the subjects of LendingTree's financial blog post."  (Doc. No. 11 at 6).  However, at the motion to dismiss stage, Defendant's argument relies on a facts that have not yet been fully developed.  Furthermore, even assuming Defendant's proposed facts to be accurate, Brammer specifically states that such identifying uses are not transformative. Brammer, 922 F.3d at 262 ("The copying [is not transformative] …, as Violent Hues used the Photo expressly for its content — that is, to depict Adams Morgan."). Therefore, even if the photograph is used for an identifying purpose, this would not weigh in favor of a finding of fair use.

Furthermore, the Court requires additional facts to determine whether the purpose and character of the use is more educational or more commercial.  17 U.S.C. § 107(1)).  The Complaint provides no information as to whether Defendant's

4

use was for educational purposes or commercial purposes. See (Doc. No. 1). Additionally, there is no evidence as to whether Defendant received any proceeds from the use. (Id.). Thus, this portion of the analysis is a factual determination better left for summary judgment.

2. Nature

The second factor in the fair use defense is the "nature of the copyrighted work." 17 U.S.C. § 107. When considering this factor, the court should evaluate whether the work is predominantly creative or factual. Katz v. Google Inc., 802 F.3d 1178, 1183 (11th Cir. 2015). As Plaintiff noted in its response, photographs typically receive "thick copyright protection" under this standard because they are considered creative works. (Doc. No. 12 at 8); Brammer v. Violent Hues Prods., LLC, 922 F.3d 255, 267 (4th Cir. 2019). Defendant contends that, because the photograph was cropped, the creative elements of the photo, such as "posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved," were removed. (Doc. No. 11 at 4); Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 992 F.3d 99, 118 (2d Cir. 2021).

However, for summary judgment purposes, the face of this Complaint does not determine whether creative means were used in creating or altering this photograph. (Id.). Resolving this factor requires factual findings that are more appropriate for the summary judgment stage.

5

### 3. Amount and Substantiality

The third factor in a fair use defense is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107. Defendant argues that this factor "weighs heavily" in its favor because the cropped photograph only captures the likeness of Nelson. (Doc. No. 11 at 4-5). The primary question under this analysis is "whether 'no more was taken than necessary' to accomplish the secondary user's purpose." Authors Guild, Inc. v. HathiTrust, 755 F.3d 87, 98 (2d Cir. 2014) (quoting Campbell, 510 U.S. at 589, 114 S.Ct. 1164). Additionally, if the secondary use contains the "heart of the work," this factor typically weighs against the defendant. Sundeman v. Seajay Soc'y, Inc., 142 F.3d 194, 205 (4th Cir. 1998).

In this case, the amount and substantiality factor weighs against the Defendant. While the Defendant argues that the "heart of the work" is "concert photography," this argument is not compelling. (Doc. No. 4 at 10). Although the photograph is taken of Nelson in concert, the focus of the photograph that Defendant presents is Nelson himself, (Doc. No. 11 at 3), making him the "heart of the work." Additionally, cases in which the amount of the photograph used is held to be 'insubstantial' typically involve more alterations than simply cropping a photograph. See Harbus v. Manhattan Inst. for Pol'y Rsch, Inc., No. 19 Civ. 6124 (ER), 2020 WL 1990866, at *1 (S.D.N.Y. April 27, 2020) (involving a photograph that had text overlaid and was darkened and cropped to exclude both the subject's face and the bridge behind him); Kienitz v. Sconnie Nation LLC, 766 F.3d 756 (7th

6

Cir. 2014) (finding that the use of a photograph was insubstantial when the second use lowered the resolution, removed the background, colors, and shading, and changed the medium). Cases in which use has been found to be 'no more than necessary' typically center on commentary or criticism of the photograph itself. See Yang v. Mic Network, Inc., 405 F. Supp. 3d 537, 544 (S.D.N.Y. 2019) (finding that the secondary use was transformative because it used the photo as a basis for criticism); Katz v. Google Inc., 802 F.3d 1178, 1182 (11th Cir. 2015) (finding that the use of the photograph was transformative because it was accompanied by commentary that ridiculed and satirized the subject of the photograph). Comparable interaction with the photograph is not found in the portion of the article attached to the Complaint, which provides no commentary or criticism on the photograph itself. (Doc. No. 4 at 4). Instead, based on the Complaint, there is nothing to suggest that Defendant used the copyrighted photo for reasons other than identification purposes.

Furthermore, while it is true that an individual's face itself cannot be copyrighted, specific photographs or artistic images of a face can be protected. For a secondary use to be considered the use of an uncopyrightable face, the original photograph must be changed so substantially that only the individual's face remains. See Kienitz, 766 F.3d at 759 ("Defendants removed so much of the original that, as with the Cheshire Cat, only the smile remains."); Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 992 F.3d 99, 119 (2d Cir. 2021) (finding that the use a photograph of Prince was substantial because it could be

7

recognized as deriving from the original photograph, even though it had been cropped and flattened and other expressive aspects, such as light, contrast and shading, had been removed or minimized). The Complaint and its accompaniments provide no basis on which to determine that the changes to the Nelson photograph were anything other than minimal. Thus, the Complaint does not allege facts to make the secondary use an uncopyrightable version of Nelson's face.

4. **Effect on the Market and Weighing the Factors**

The fourth factor in the fair use defense is "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. The M&R found that the Complaint does not allege that there has been no negative economic effect on the marketplace of the photograph. (Doc. No. 10 at 5); see (Doc. No. 1). While Defendant does not object to the M&R's analysis of the fourth factor, Defendant argued that the M&R erred by not weighing the four factors. (Doc. No. 11 at 6). Defendant posits that, had the factors been weighed, the transformative nature of the secondary use would have outweighed the fourth factor because a cropped version of the photo cannot act as a market substitute. (Doc. No. 11 at 7); Bouchat v. Baltimore Ravens Ltd. P'ship, 737 F.3d 932, 949 (4th Cir. 2013), as amended (Jan. 14, 2014).

The M&R did not err by not weighing the factors. As discussed above, there is nothing presented in the Complaint to suggest that the Defendant's use was transformative. Thus, the analysis in Bouchat is not relevant to this case. Further, after an analysis of the first, second, and fourth factors, this case requires further

8

factual development. It would be inappropriate to conduct a fact-intensive analysis at this stage when three of the four factors require as much. Therefore, this Court will deny the motion to dismiss.

## IV. CONCLUSION

Regarding the aspects of the M&R to which no party objected, the Court has conducted an independent review of the M&R and record, and concludes that those findings and conclusions of the M&R are correct and in accordance with law. Regarding the portion of the M&R to which the parties filed objections, following an independent review of the M&R, Defendant's Objection thereto, and a *de novo* review of the record, the Court concludes that the M&R's recommendations are correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 10), is **ADOPTED**; and
2. Defendant's Motion to Dismiss, (Doc. No. 4), is **DENIED**.

**SO ORDERED**.

Signed: July 2, 2021

Robert J. Conrad, Jr.
United States District Judge